————————o————————

## No. 3927.

### (Court of Appeal, Parish of Orleans.)

## IN RE AUGUST CHABAUD PRAYING FOR POSSESSION.

1. The possession on which the prescription, acquirendi causa, of thirty years is founded must be continuous and uninterrupted during all the time; it must be public and unrequivical, and under the title of owner.

2. The running of prescription in favor of one holding by adverse possession is interrupted by a sale for taxes.

3. Argument to show that the statute of limitations ceases to run when the forfeiture attached and the title became vested in the State can hardly be necessary, as the rule that time does not run against the State has been settled for centuries, and is supported by the Courts in all civilized countries.

4. As against a trespasser, the plaintiff in a petitory action is not bound to show a perfect title against the world. He cannot take advantage of any defects in the muniments of title exhibited by plaintiff. An apparently good title is sufficient against him.

Appeal from Civil District Court, Division "D."

Chas. F. Fletchinger, for Plaintiff and Appellee.

Chas. Louque, for Defendant and Appellant.

MOORE, J. August Chabaud acquired from the State of Louisiana under a deed from the Auditor of said State, of date September 12th, 1904, a certain tract of land situated in the City of New Orleans, under and by virtue of Section 5 of Act. No. 80 of 1888, as amended by Act. 126, of 1896, said property having been sold to the State of Louisiana, for the taxes of

1883, on the 10th March, 1885, as the property of J. S. Pellissier and Buchanan in whose names the property was assessed as the sole owners of record.

On the 10th March, 1905, Chabaud sued out a writ of seizure and possession and subsequently one Henry Viavant obtained an injunction restraining and inhibiting Chabaud, and the Civil Sheriff of the Parish of Orleans, from executing the writ of possession.

The allegations of Viavant's petition are that he is the owner of the property which Chabaud seeks to dispossess him of; that the said lot is designated as No. 9, on a plan of subdivision of a larger tract and that if Chabaud has any title whatsoever to any portion of the larger lot it is, as declared on the face of his deed, to lot No. 26, and not to lot No. 9, which Viavant alleges he owns and is in possession of; that his, (Viavant's) ownership of the lot No .9 was acquired by prescription, he having been in undisturbed possession of the same for more than thirty years; that should it be held that lot No. 9 and lot No. 26 are in truth and in fact the same and identical lot then and in that event the title which Chabaud propounds is absolutely null and void for the following reasons:

First. That no re-advertisement was ever made for the sale of said property after the same had been adjudicated to the State; that it was not in the power of the Auditor to have sold the same without said advertisement and failure to obtain a bidder.

Second. That the adjudications to the State are null and void for the reasons that no notice was ever served on the taxpayer.

Third. That said property was not advertised during the thirty days required by law; and

Fourth. That the description of the property is such that it cannot be identified.

Thereupon, Chabaud moved to dissolve the injunction for various grounds and specifically pleaded the prescription of three years and ordering the execution of the writ of possession sued out by Chabaud.

From this judgment Viavant appeals.

These counter proceedings being merged and Chabaud, as well as Viavant, ascertaining and setting up title, the latter however being in possession, the proceedings are to all intents and purposes converted into a petitory action, with Chabaud as the plaintiff therein.

If the lot which Viavant avers he is in possession of, the title to which he claims by prescription, is not ·the same lot which Chabaud seeks possession under his deed from the State, then all further questions pass from the case and Viavant's injunction must be sustained.

Chabaud's deed from the State describes the property as "a certain lot of ground and improvements thereon in the 3d District of the City of New Orleans designated as lot No. 26, on the left side of Gentilly Road said lot No. 26 measuring One Arpent front on Gentilly Road by Twenty Arpents in depth."

The lot acquired by Pelissier & Buchanan, the delinquent tax debtors, is described in the act of sale to them of date 12th April, 1882, as being designated by the number "nine" on a plan drawn by D'Hemecourt on the 21st January, 1837, and deposited in the office of Jules Mosey late Notary in the City of New Orleans. This plan, a copy of which is in evidence, shows a subdivision into fifteen lots of a tract of land then belonging to Bermudez-Maureau.

The assessment rolls show that all these subdivisions of the larger tract were, and are still carried on the assessment rolls not according to the designated number of the D'Hemecourt plan, but according to an assessment lot number given to each and every portion of the entire tract or tracts of land embraced within the territory known as Gentilly Road, as owned by the several proprietors at the time of making the assessment. The particular lot in question appears on the assessment rolls as it always did ,as assessment No. 26, there being 151 subdivisions and separate ownerships of the property described in this assessment roll, under the column "Bounderies," as "Gentilly Road Left Side of City depth towards the Lake." These rolls show that Pellisier & Buchanan owned no other lot or lots on Gentilly Road, left side, and it is otherwise clearly and conclusively estab-

lished that the lot seized and sold to Chabaud is the same property acquired by Pellisier and Buchanan on the 12th April, 1862, and still owned by them when it was seized for taxes, and therefore, is the same property to which Viavant asserts his title by prescription.

Chabaud's deed, as we have shown, is from the State, and was made to him under the provisions of Act. 80 of 1888.

Such a deed vests in the purchaser of the property so sold, an absolute and perfect title thereto.

Concede for the argument that the *prima facia* valid title of Chabaud may be successfully assailed for the causes averred by Viavant, not only by the delinquent tax debtors but by any other person who may assert title to the property, it therefore becomes necessary for as to ascertain whether Viavant has or ever had any title to the property whatsoever. If he never had any character of title to this property it is clearly then no concern of his whether or not the Auditor should have re-advertised the property for sale after it was adjudicated to the State; or whether or not notice was ever served on the tax payer; or the advertisement of the sale was not made during thirty days or whether the property can or cannot be identified by the discription given in the deed to Chabaud, which are all the grounds urged by the plaintiff in injunction. Viavant claims no ownership of this lot by any deed translated of property nor any resulting from transmission by Succession. His claim rests entirely upon his asserted possession of the property for more than thirty years. To vest title in him by the *prescriptio aquirandi causa* of thirty years his possession must be continuous and uninterrupted during all the time, it must be public and unequivocal, and under the title of owner C. C. 3500.

Has his possession been such? The only evidence going to show possession is to be found in the testimony of Viavant himself. He testifies that he first went down to Gentilly Road and took possession of the property in question "about 1870"— "About 1870, I think. It is in that neighborhood, but I can't tell you exactly." He never paid any taxes on the property. It was never assessed in his name. but was and is still assessed in th names of Pellissier and Buchanan.

Assume that he went into possession of the property in 1870, nevertheless his possession was not "continuous and uninterrupted," for his possession was divested by the State of Louisiana on the 10th March, 1885, when the lot was adjudicated to the State for taxes.

As said in Armstrong vs. Morrell 14 Wall (U. S.) 114: "Argument to show that the Statute of Limitation ceases to run when the forfeiture attached and the title became vested in the State can hardly be necessary, as the rule that time does not run against the State has been settled for centuries, and is supported by the Courts in all civilized Countries."

The Cyclopoedia of Law Vol. 1 p. 1018, discussing this subject, says:

"While there is one decision (171 Mass. 395) maintaining the contrary doctrine, the weight of authority is to the effect that the running of the statute of limitations in favor of one holding by adverse posession in interrupted by a sale for taxes."

Viavant is, therefore, clearly without the semblance of any character of title whatsoever whether by prescription or otherwise and may not be heard to urge the objections, which he does urge, to Chaubad's title. He is merely a trespasser on the land and as against such trespasser Chabaud is not bound to show a perfect title against the world, even if the objections urged to Chabaud's title had been sustained by proof, which it is not.

It has been repeatedly held that "as against a trespasser, the plaintiff in a petitory action is not bound to show a perfect title against the world. He cannot take advantage of any defects in the muniments of title exhibited by plaintiff. An apparently good title is sufficient against him." Stille vs. Shull 41 A. 816-896, and authorities cited therein.

The judgment appealed from is affirmed at the cost of the Appellant.